UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRONE ROSS, individually and as class
representative on behalf of a class of
similarly situated persons,

           Plaintiff,

     v.

GIBCO MOTOR EXPRESS, LLC,

           Defendant.

Case No. 12-cv-184-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir.

2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction

has been properly pled.  The Court has noted the following defects in the jurisdictional

allegations of the Complaint (Doc. 2) filed by plaintiff Tyrone Ross:

- **Failure to allege a the citizenship of each member of an unincorporated association.**
  To determine if complete diversity exists, the Court must examine the citizenship of each
  member of a limited liability company.  *See Belleville Catering Co. v. Champaign
  Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).  The relevant pleading must
  affirmatively allege the specific states of citizenship of each member of the limited
  liability company, and "the citizenship of unincorporated associations must be traced
  through however many layers of partners or members there may be." *Meyerson v.
  Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  The complaint alleges
  the *residences* of the *owners* of defendant Gibco Motor Express, LLC, but it does not
  allege the *citizenships* of the *members* of the limited liability company.

- **Failure to allege the citizenship of an individual.**  A complaint asserting diversity
  jurisdiction must allege the citizenship of an individual, not merely residence.  28 U.S.C.
  § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir.
  2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are
  jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is
  appropriate where parties allege residence but not citizenship.  *Held*, 137 F.3d at 1000.
  The complaint alleges the plaintiff's residence, not his citizenship.

The Court hereby **ORDERS** that plaintiff Tyrone Ross shall have up to and including

March 23, 2012, to amend the faulty pleading to correct the jurisdictional defect.  Failure to

amend the faulty pleading may result in dismissal of this case for lack of subject matter

jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will

satisfy this order.  The plaintiff is directed to consult Local Rule 15.1 regarding amended

pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: March 8, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
