UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE ROSS, individually and as class representative on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>  v.<br><br>GIBCO MOTOR EXPRESS, LLC,<br><br>    Defendant. | Case No. 12-cv-184-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Gibco Motor Express, LLC's ("Gibco") motion to dismiss (Doc. 19). Plaintiff Tyrone Ross has responded to the motion (Doc. 22), and Gibco has replied to that response (Doc. 24).

Ross filed this class action alleging that Gibco, his former employer, failed to timely pay him and the class he seeks to represent one and a half times their regular wages for hours worked in a week over forty hours as it said it would do in its employee guidebook. He brings a claim under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* On the other side, Gibco argues that the employee guidebook did not contractually obligate it to pay time and a half because the guidebook contained a disclaimer that it did not constitute an employment contract. It filed the pending motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. Standard for Dismissal

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to

state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). Gibco believes that the disclaimer in the employee handbook forecloses success on Ross's IWPCA claim because it proves he had no contract with Gibco.

## II.     Facts

Implicit in the complaint are the allegations that Ross was an hourly worker for Gibco, that he worked more than forty hours a week and that Gibco did not pay him time and a half overtime wages for that time in excess of forty hours.

All parties agree that the Gibco's employee handbook promised it would pay its hourly employees at a rate of one and a half times their normal wage rate for hours they worked over forty hours a week. A Guidebook for Working Together at Gibco Motor Express ("Guidebook") at 12. This statement reiterates Gibco's obligations under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a(1). The parties also agree that the handbook contains the following disclaimer in its introduction:

> You should use this guidebook as a reference tool. It is not a contract of employment. Just as you have the freedom and the right to terminate your employment relationship with Gibco at any time, for any reason, Gibco has this

>same right. The policies, procedures, and benefits described in this guidebook may be modified, changed, added to or deleted at the discretion of Gibco's President.

Guidebook at 2.

### III.  Analysis

The question before the Court is whether Ross has stated a claim under the IWPCA. The IWPCA requires an employer to pay its employees their wages by certain deadlines. Except for executive, administrative or professional employees, it must pay employees with two-week or one-half-month pay periods no later than thirteen days after the end of the pay period, and it must pay employees with one week pay periods no later than seven days after the end of the pay period. *See* 820 ILCS 115/4. The IWPCA defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2.

The critical question then is whether Gibco owed Ross overtime pay "pursuant to an employment contract or agreement." *Id.* If it did, it must pay him by the applicable deadline set forth in the IWPCA or face the act's penalties. If it did not, those deadlines do not apply. Ross argues the Guidebook is such a contract; Gibco argues the Guidebook is not such a contract because of the notice that "[i]t is not a contract of employment" and may be changed at any time.

The Court believes the parties are making this question more difficult than it really is. In the Court's view, anything Gibco is obligated to pay Ross by virtue of his employment with Gibco is "pursuant to an employment . . . agreement." The agreement may not have been in writing or for a specific duration and it may have been terminable at will, but it was still an agreement. *See Santiago v. RadioShack Corp.*, No. 11 C 3508, 2012 WL 934524, at *2 (N.D. Ill.

Feb. 10, 2012) (IWPCA does not require formal contract, only manifestation of mutual assent); *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004) (same); 17 Ill. Law & Prac.: Employment § 10 (2006) ("[A]n employment agreement need not be a formally negotiated contract.  Generally, an employment agreement is formed when one party promises to render service in exchange for the other party's promise to pay wages.").

Requiring an express, written contract before a plaintiff can bring an IWPCA suit "is counter to the legislative intent of the Act demonstrated by the words of the Act itself." *Zabinsky*, 807 N.E.2d at 671.  If a written contract were required, vast categories of employees in positions that are not typically pursuant to written contracts would not be protected under the IWPCA.  *See, e.g., Kerbes v. Raceway Assocs., LLC*, 961 N.E.2d 865 (Ill. App. Ct. 2011) (security guards);  *Lewis v. Giordano's Enters.*, 921 N.E.2d 740 (Ill. App. Ct. 2009)) (restaurant workers);  *Cruz v. Unilock Chi., Inc.*, 892 N.E.2d 78 (Ill. App. Ct. 2008) (assembly line and maintenance workers).  This is untenable.

The terms of the oral, at-will employment agreement between Gibco and Ross are essentially, "For as long as you [Ross] work for me [Gibco], I will pay you the wage I've offered you in accordance with the law."  Their agreement implicitly includes a promise to pay the regular wages Gibco offered when it hired Ross for the first forty hours of a week and the overtime wages it is obligated to pay under the IMWL for hours worked beyond forty.  *See, e.g., Orminski v. Hyland Elec. Supply Co.*, 62 N.E.2d 14 (Ill. App. Ct. 1945) (federal wage and hour statutes become part of the employment contract as if they were expressly incorporated).  Gibco assented to these implicit terms by hiring Ross, and Ross assented by working.  It is pursuant to this unwritten employment agreement that Gibco incurred the obligation to pay Ross overtime in accordance with the IWPCA.  Thus, even if had there been no Guidebook at all, Gibco would

still be obligated to pay overtime wages due under the IMWL under the timetable in the IWPCA. Ross has stated a claim under the IWPCA. By this ruling, the Court is not holding that no written contract exists, only that this action survives a motion to dismiss even if there is no written contract.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Gibco's motion to dismiss (Doc. 19).

**IT IS SO ORDERED.**
**DATED: October 26, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
